Edward Gr. Baker, J.
Proceeding to review the determination of respondent denying a certificate of eviction.
In May, 1957 petitioners, owners of a five-family dwelling, filed an application for a certificate of eviction to obtain possession of the tenant’s five-room apartment. The basis for the application was that petitioners purchased the premises in October, 1956 to supplement their income and to provide a home for themselves. Petitioners alleged, and it is not denied, that petitioner husband is 59 years of age, that he sustained a compound fracture of the skull some years ago, was injured again in an accident in 1955 which left him with a disabled leg; that by reason of said injuries he is only able to do light work and that his wife has been compelled to return to work. Petitioner further alleges he must go to the premises (some 11 blocks from petitioner’s present residence) to put out the garbage, tend the furnace, clean the halls, sidewalks, etc.; that he has to walk to and from his home and the building because he is unable to drive an automobile due to the fact that he suffers ‘‘ blackouts.” A doctor’s certificate was submitted attesting to the fact that petitioner husband is suffering from Jacksonian epilepsy and from frequent blackouts and that, by reason thereof, it is dangerous for him to walk back and forth.
The tenant’s answer admits that petitioners asked for possession of his apartment when they took title and that he promised the landlord he would vacate as soon as he was able to find an apartment. The local rent administrator denied the application on the ground of failure to establish an immediate and compelling necessity.
The sole question for review is whether petitioners have shown an immediate and compelling necessity rather than a mere convenience. Respondent has found the latter and cites cases which allegedly support this finding. In Hammond v. Marcely (58 N. Y. S. 2d 565), cited by respondent, the court stated: “ Necessity means a state or condition imperatively *746 demanding relief. It is something quite different from mere convenience” (emphasis supplied). The other cases cited by respondent are to the same effect.
On this record I am of the opinion, and so hold, that petitioners have shown an immediate, compelling necessity even under the strict definitions quoted in the cases cited by respondent, and that the determination of respondent is arbitrary and capricious. Certainly, to require that the words ‘ ‘ immediate, compelling necessity ’ ’ be construed to mean solely a matter of life or death is to strain the ordinary and natural meaning of those words.
The petition is granted and the proceeding remitted to respondent with direction to issue a certificate of eviction to petitioners.
Settle order on notice.